UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Commonwealth Equity Services, LLC, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>The Ohio National Life Insurance Company, et al.,<br><br>                    Defendants, | Civil Action No. 1:18-cv-12314 |

**THE ANSWER OF DEFENDANTS THE OHIO NATIONAL LIFE INSURANCE COMPANY, OHIO NATIONAL LIFE ASSURANCE CORPORATION, AND OHIO NATIONAL EQUITIES, INC. TO PLAINTIFFS' VERIFIED COMPLAINT**

For their Answer to the Complaint of Plaintiffs Commonwealth Equity Services, LLC d/b/a Commonwealth Financial Network and Margaret Benison ("Plaintiffs"), Defendants The Ohio National Life Insurance Company, Ohio National Life Assurance Corporation, and Ohio National Equities, Inc. ("Defendants") admit, deny, and otherwise aver as follows:

**FIRST DEFENSE**

Defendants deny the allegations contained in the first unnumbered paragraph of the Plaintiffs' Complaint.

**INTRODUCTION**

1.      Admit that the documents attached as Exhibits A, B, and C to the Complaint are copies of the Selling Agreement, Schedule of Commissions, and Addendum executed by and between Plaintiffs and Defendants.  Further answering, state that the terms of such documents speak for themselves, and therefore, no response is deemed necessary to the remaining allegations contained in Paragraph 1 of the Complaint purporting to recite and/or construe the same.

2.      Admit the allegations contained in Paragraph 2.

3.      State that the terms of the GMIB Riders speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 3 of the Complaint purporting to summarize and/or construe the same.  To the extent an answer is required, the allegations as stated are denied.

4.      State that the terms of the GMIB Riders speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 3 of the Complaint purporting to summarize and/or construe the same.  To the extent an answer is required, the allegations as stated are denied.

5.      Deny the allegations contained in Paragraph 5 of the Complaint.

6.      Deny the allegations contained in Paragraph 6 of the Complaint.

7.      Deny the characterizations set forth in Paragraph 7 of the Complaint.  Further answering, admit that The Ohio National Life Insurance Company offered certain GMIB annuity owners the opportunity to replace their GMIB annuities with a different product, depending on the customer.  Further answering, lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint, and therefore, deny the same.

8.      Deny the allegations contained in Paragraph 8 of the Complaint.

9.      Deny the allegations contained in Paragraph 9 of the Complaint.

10.     Admit that the documents attached as Exhibits D and E to the Complaint are copies of letters sent by Defendants and a proposed servicing agreement provided by Defendants.  Admit that the document attached as Exhibit F to the Complaint is a copy of the draft servicing agreement. Further answering, state that the terms of said documents speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 10 of the Complaint purporting to characterize, summarize, and/or construe the same.  Further answering, deny the

allegations contained in Paragraph 10 of the Complaint purporting to characterize Defendants' actions as part of a "scheme."

11.     Admit that the documents attached as Exhibits E and F to the Complaint are copies of correspondence pertaining to and a copy of the proposed servicing agreement provided to Commonwealth.  Further answering, state that the terms of said documents speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 11 of the Complaint purporting to summarize and/or construe the same.  Further answering, deny Plaintiffs' characterization of Defendants' actions as being part of a "scheme."

12.     State that the terms of the proposed servicing agreement speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 12 of the Complaint.

13.     State that the terms of the proposed servicing agreement speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 13 of the Complaint, which purport to characterize the meaning and/or import of the same.

14.     Admit that the document attached as Exhibit G to the Complaint purports is a copy of the ONcore Flex Variable Annuity Prospectus dated May 1, 2018 with supplements dated May 11, 2018 and September 7, 2018.  Further answering, state that the terms of said prospectus speak for themselves, and therefore, no response is deemed necessary to the remaining allegations contained in Paragraph 14 of the Complaint purporting to recite and/or discuss the contents of the same.  Further answering, deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.     State that the contents of Exhibit G to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 15 of the Complaint purporting to summarize and/or characterize the contents of the same.

16.     Deny the allegations contained in Paragraph 16 of the Complaint.

17.     Admit that the document attached as Exhibit Q to the Complaint is a copy of an October 29, 2018 email to "Megan Benison."  Further answering, state that the contents of the subject email speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 17 of the Complaint purporting to quote the same.

18.     Admit that the document attached as Exhibit Q to the Complaint is a copy of an October 29, 2018 email.  Further answering, state that the contents of the subject email speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 18 of the Complaint purporting to summarize and/or quote the same.

19.     Deny the allegations contained in Paragraph 19 of the Complaint.

20.     Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore, deny the same.

21.     Deny the allegations contained in Paragraph 21 of the Complaint.

22.     Deny the allegations contained in Paragraph 22 of the Complaint.

23.     Deny the allegations contained in Paragraph 23 of the Complaint.

24.     Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint regarding Plaintiffs' subjective intent in pursuing injunctive relief, and therefore, deny the same.  Further answering, deny that the instant dispute is arbitrable before the Financial Industry Regulatory Authority ("FINRA") and deny that Plaintiffs are entitled to any relief as alleged in Paragraph 24 of the Complaint.

25.     Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint regarding Plaintiffs' subjective purpose in seeking declaratory judgment and/or specific performance.  Further answering, deny that Plaintiffs are entitled to any relief as alleged in Paragraph 25 of the Complaint.

## PARTIES

26.     Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore, deny the same.

27.     Admit that Plaintiff Benison is identified, via FINRA BrokerCheck, as a registered representative of Commonwealth Financial Network.   Further answering, lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint, and therefore, deny the same.

28.     Admit the allegations contained in Paragraph 28 of the Complaint.

29.     Admit the allegations contained in Paragraph 29 of the Complaint.

30.     Admit the allegations contained in Paragraph 30 of the Complaint.

31.     State that the allegations contained in Paragraph 31 of the Complaint assert a legal conclusion to which no response is deemed necessary.  Further answering, deny that Plaintiffs are entitled to recover any damages, let alone damages in excess of $75,000.  Further answering, admit that Defendants are corporations incorporated under the laws of Ohio with principal places of business in Ohio.  Lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint, and therefore, deny the same.

32.     State that the allegations contained in Paragraph 32 assert legal conclusions to which no response is deemed necessary.  To the extent a response is required, deny the allegations contained in Paragraph 32 of the Complaint.

33.     State that the allegations contained in Paragraph 33 of the Complaint assert legal conclusions to which no response is deemed necessary.  Further answering, deny that Defendants engaged in conduct which caused "foreseeable injuries to Plaintiffs" in Massachusetts.

34.     Deny the allegations contained in Paragraph 34 of the Complaint.

35.     Deny the allegations contained in Paragraph 35 of the Complaint.

36.     Deny the allegations contained in Paragraph 36 of the Complaint.

37.     State that the allegations contained in Paragraph 37 of the Complaint assert a legal conclusion to which no response is deemed necessary.

38.     Deny the allegations contained in Paragraph 38 of the Complaint.

39.     Admit that ONLIC and ONLAC are licensed to do business in Massachusetts and that they have appointed agents in the State.

40.     Deny the allegations contained in Paragraph 40 of the Complaint.

41.     Admit that Ohio National Financial Services maintains a website that is available at https://www.ohionational.com, and that the contents thereof speak for themselves.  Thus, no response is deemed necessary to the allegations contained in Paragraph 41 of the Complaint purporting to summarize and/or quote the contents of the same.

42.     Admit that Ohio National Financial Services maintains a website that is available at https://www.ohionational.com, and that the contents thereof speak for themselves.  Thus, no response is deemed necessary to the allegations contained in Paragraph 42 of the Complaint purporting to summarize the contents of the same.

43.     Admit that Ohio National annuity products have been sold to residents of Massachusetts.  Further answering, state that the term "substantial number" as referenced in Paragraph 43 of the Complaint is vague and ambiguous, and therefore, lack sufficient information

to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Complaint, and therefore, deny the same.

44.     State that the allegations contained in Paragraph 44 of the Complaint assert a legal conclusion to which no response is deemed necessary.

45.     State that the allegations contained in Paragraph 45 of the Complaint assert a legal conclusion to which no response is deemed necessary.

46.     State that the allegations contained in Paragraph 46 of the Complaint assert a legal conclusion to which no response is deemed necessary.

47.     Deny that Defendants executed the Selling Agreement in Massachusetts.  Further answering, admit that Defendants' notice of termination of the Selling Agreement and the offer to enter into a servicing agreement were sent to Commonwealth in Massachusetts. Further answering, state that the remaining allegations contained in Paragraph 47 of the Complaint assert a legal conclusion to which no response is deemed necessary.

48.     Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore, deny the same.

49.     Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore, deny the same.

50.     Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore, deny the same.

51.     Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and therefore, deny the same.

52.     Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, and therefore, deny the same.

53.     Admit that Commonwealth previously entered into a Selling Agreement with Defendants.  Further answering, lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 53 of the Complaint, and therefore, deny the same.

54.     Admit that pursuant to the Selling Agreement, The Ohio National Life Insurance Company has paid commission funds to Commonwealth based on the sale of Ohio National products.  Further answering, deny that Defendants have paid and/or are required to pay any commissions or other compensation to representatives of Commonwealth.  Further answering, lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint, and therefore, deny the same.

55.     Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and therefore, deny the same.

56.     Admit that the documents attached as Exhibits A, B, and C of the Complaint are copies of the Selling Agreement, Commission Schedule, and Addendum executed between Commonwealth and Defendants in or about 1998.  Further answering, admit that the document attached as Exhibit H to the Complaint is a copy of a June 15, 1998 letter to Commonwealth.

57.     State that the terms of the Selling Agreement between Commonwealth and Defendants speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 57 of the Complaint purporting to summarize and/or quote the same.

58.     State that the terms of the Selling Agreement speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 58 of the Complaint purporting to construe and/or summarize the same.

59.     State that the terms of the Selling Agreement between Commonwealth and Defendants speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 59 of the Complaint purporting to construe and/or quote the same.

60.     State that the terms of the Selling Agreement speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 60 of the Complaint purporting to construe and/or summarize the same.

61.     State that the terms of the Selling Agreement speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 60 of the Complaint purporting to construe and/or summarize the same.

62.     State that the terms of the Selling Agreement speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 62 of the Complaint purporting to construe and/or quote the same.

63.     State that the terms of the Selling Agreement between Commonwealth and Defendants speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 63 of the Complaint purporting to quote the same.

64.     State that the terms of the Commission Schedule attached as Exhibit B to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 64 of the Complaint purporting to summarize the same.  Further answering, lack sufficient information to form a belief as to the truth of the allegations contained in Footnote 1 to Paragraph 64, given the vagueness thereof.  Deny that Defendants agreed to and/or were required to pay commissions directly to Commonwealth representatives.  Commonwealth chose the commission options available and Commonwealth was paid the compensation.  Compensation to Commonwealth representatives was governed by an agreement between Commonwealth and its

representatives to which Defendants were not a party and for which Defendants were not responsible.

66.     State that the terms of the Commission Schedule attached as Exhibit B to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 65 of the Complaint purporting to summarize and/or construe the same.

66.     State that the terms of the Commission Schedule attached as Exhibit B to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 66 of the Complaint purporting to summarize and/or construe the same. Commonwealth chose the commission options available and Commonwealth was paid the compensation.  Compensation to Commonwealth representatives was governed by an agreement between Commonwealth and its representatives to which Defendants were not a party and for which Defendants were not responsible.

67.     State that the terms of the Commission Schedule attached as Exhibit B to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 67 of the Complaint purporting to summarize and/or construe the same. Further answering, deny the allegations contained in paragraph 67 of the Complaint to the extent they suggest that individual representatives were parties to and/or had any rights under the Selling Agreement, Commission Schedule, and/or Addendum.  Commonwealth chose the commission options available and Commonwealth was paid the compensation.   Compensation to Commonwealth representatives was governed by an agreement between Commonwealth and its representatives to which Defendants were not a party and for which Defendants were not responsible.

68.     State that the terms of the Commission Schedule attached as Exhibit B to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 68 of the Complaint purporting to summarize and/or construe the same. Further answering, deny the allegations contained in paragraph 68 of the Complaint to the extent they suggest that individual representatives were parties to and/or had any rights under the Selling Agreement, Commission Schedule, and/or Addendum.  Commonwealth chose the commission options available and Commonwealth was paid the compensation.   Compensation to Commonwealth representatives was governed by an agreement between Commonwealth and its representatives to which Defendants were not a party and for which Defendants were not responsible.

69.     State that the terms of the Commission Schedule attached as Exhibit B to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 69 of the Complaint purporting to summarize and/or construe the same. Deny that Defendants agreed to and/or were required to pay any commissions directly to Commonwealth's representatives.  Commonwealth chose the commission options available and Commonwealth was paid the compensation. Compensation to Commonwealth representatives was governed by an agreement between Commonwealth and its representatives to which Defendants were not a party and for which Defendants were not responsible.

70.     State that the terms of the Commission Schedule attached as Exhibit B to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations in Paragraph 70 of the Complaint purporting to quote the same.

71.     Deny the allegations contained in paragraph 71 of the Complaint.

11

72.     State that the terms of the Selling Agreement attached as Exhibit A and the Commission Schedule attached as Exhibit B to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 72 of the Complaint purporting to construe and/or summarize the same.  Further answering, deny the allegation contained in paragraph 72 of the Complaint that neither of these documents addressed the issue of trail commissions upon termination of the Selling Agreement.

73.     Admit that Commonwealth drafted the Addendum to the Selling Agreement, a copy of which is attached as Exhibit C to the Complaint.  Further answering, state that the terms of the Addendum speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 73 of the Complaint purporting to summarize and/or state the purpose of the same.

74.     State that the terms of the Addendum attached as Exhibit C to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 74 of the Complaint purporting to quote the same  Further answering, state that the quote contained in paragraph 74 of the Complaint is otherwise incomplete.

75.     Deny the allegations contained in Paragraph 75 of the Complaint.

76.     State that the terms of the Selling Agreement attached as Exhibit A to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 76 of the Complaint purporting to quote the same.

77.     Deny the allegations contained in paragraph 77 of the Complaint.

78.     State that the term "gained access" contained in Paragraph 78 renders the allegations contained in that paragraph vague and ambiguous.  Thus, Defendants lack sufficient

information to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, and therefore, deny the same.

79.     Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint, and therefore, deny the same.

80.     Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint, and therefore, deny the same.

81.     Deny the allegations contained in paragraph 81 of the Complaint.

82.     Admit that The Ohio National Life Insurance Company sold products known as ONcore Variable Annuities, including, but not limited to, the products identified in Footnote 2 to Paragraph 82 of the Complaint. Further answering, state that the remaining allegations contained in Paragraph 82 of the Complaint assert a legal conclusion to which no response is deemed necessary.

83.     State that the reference to "that offering" contained in Paragraph 83 of the Complaint is vague and ambiguous, and therefore, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint, and therefore, deny the same.

84.     State that the terms of the Prospectus (and supplement(s)) attached as Exhibit G to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 84 of the Complaint purporting to summarize the contents of the same.

85.     Admit that a customer pays a premium to purchase an ONcore variable annuity contract, and that a portion of the premium may be used to invest in a fixed accumulation account and to purchase accumulation units in sub accounts to invest in underlying investment options.

13

Further answering, state that the remaining allegations contained in Paragraph 85 of the Complaint assert a legal conclusion to which no response is deemed necessary.

86.     Admit that funds invested by an individual owner grow tax deferred and, until the annuity payout date, the contract value is determined by multiplying the total number of units for each subaccount credited to the contract by the unit value for such subaccount for the current valuation period and adding to that any amount in the Fixed Accumulation Account or a dollar cost averaging account.   Further answering, state that the remaining allegations contained in Paragraph 86 of the Complaint assert a legal conclusion to which no response is deemed necessary.

87.     State that the terms of the Prospectus (and supplement(s)) attached as Exhibit G to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 87 of the Complaint purporting to summarize and/or construe the same.

88.     State that the terms of the Prospectus (and supplement(s)) attached as Exhibit G to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 88 of the Complaint purporting to summarize and/or construe the same.

89.     State that the terms of the Prospectus (and supplement(s)) attached as Exhibit G to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 89 of the Complaint purporting to summarize and/or quote the same.  Further answering, deny that GMIB Riders are currently "offered" by any Ohio National entity.

90.     State that the terms of the Prospectus (and supplement(s)) attached as Exhibit G to the Complaint speak for themselves, and therefore, no response is deemed necessary to the

allegations contained in Paragraph 90 of the Complaint purporting to summarize and/or quote the same.

91.     Deny the allegations contained in Paragraph 91 of the Complaint.

92.     Admit that Exhibit I to the Complaint is a copy of a document provided to Commonwealth in or about late 2017.  Further answering, state that the terms of said document speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 92 of the Complaint purporting to summarize the same.

93.     Admit that Exhibit I to the Complaint is a copy of a document provided to Commonwealth in or about late 2017.  Further answering, state that the terms of said document speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 93 of the Complaint purporting to summarize the same.

94.     Admit that Exhibit I to the Complaint is a copy of a document provided to Commonwealth in or about late 2017.  Further answering, state that the terms of said document speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 94 of the Complaint purporting to quote the same.

95.     Admit that Exhibit J is a copy of a December 1, 2017 supplement to a May 2017 Prospectus.  Further answering, state that the terms of Exhibit J speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 95 of the Complaint regarding the contents thereof.

96.     State that the terms of Exhibit J speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 96 of the Complaint purporting to summarize and/or quote the same.

97.     State that the terms of Exhibit J speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 97 of the Complaint purporting to summarize and/or quote the same.

98.     Admit that 192 Ohio National Life Insurance Company customers who were also Commonwealth clients at the time were included in the Offer.  Deny the remaining allegations contained in paragraph 98 of the Complaint.

99.     Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint regarding what Plaintiff Benison "advised most of [her] customers," and therefore, deny the same.  Further answering, deny the remaining allegations contained in Paragraph 99 of the Complaint.

100.    Admit that 18 Ohio National Life Insurance Company contracts accepted the Offer, which is over 9% of the policies held by Commonwealth clients at the time.  Deny the remaining allegations contained in paragraph 100 of the Complaint.

101.    Admit that Exhibit K to the Complaint is a copy of a supplement to ONcore Variable Annuity Prospectuses dated May 1, 2018.  Further answering, state that the terms of such document speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 101 of the Complaint purporting to summarize and/or construe the same.

102.    State that the terms Exhibit K speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 102 of the Complaint purporting to summarize and/or construe the same.  Further answering, lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint regarding what "appeared" from the subject document, inasmuch as the terms thereof speak for themselves.

103.    State that the terms Exhibit K speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 103 of the Complaint purporting to summarize and/or construe the same.

104.    State that the terms Exhibit K speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 104 of the Complaint purporting to summarize and/or construe the same.

105.    Admit that Exhibit L to the Complaint is a copy of a draft letter, the terms of which speak for themselves.  Further answering, admit draft letters were created for both registered representatives and customers in or about May 2018 in connection with a proposal made specifically to California customers.

106.    State that the contents of Exhibit L speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 106 of the Complaint purporting to summarize and/or quote the same.

107.    State that the contents of Exhibit L speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 107 of the Complaint purporting to summarize and/or quote the same.

108.    Admit that Exhibit M to the Complaint is a copy of an email sent on or about May 14, 2018.  Further answering, state that the contents of said email speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 108 of the Complaint purporting to summarize the same.

109.    Admit that allegations contained in Paragraph 109.

110.    Admit that none of the five (5) The Ohio National Life Insurance Company customers who were also Commonwealth clients at the time the Offer was made accepted the

Offer.   Further answering, deny the remaining allegations contained in Paragraph 110 of the Complaint.

111.   Admit that Exhibit D to the Complaint is a copy of correspondence dated September 20, 2018.  Further answering, state that the contents of such correspondence speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 111 of the Complaint purporting to summarize the same.

112.   State that the contents of Exhibit D to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 112 purporting to quote the same.

113.   Admit that the document attached as Exhibit E to the Complaint is a copy of a letter dated September 21, 2018.  Further answering, state that the terms of said correspondence speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 113 of the Complaint purporting to summarize the same.

114.   Deny the allegations contained Paragraph 114 of the Complaint.

115.   State that the terms of the document attached as Exhibit E to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 115 of the Complaint purporting to construe and/or summarize the same.

116.   State that the terms of the document attached as Exhibit E to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 116 of the Complaint purporting to quote the same.

117.   State that the terms of the document attached as Exhibit E to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 117 of the Complaint purporting to summarize the same.

118.    State that the terms of the proposed servicing agreement attached as Exhibit F to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 118 of the Complaint purporting to summarize, construe, and/or quote the same.

119.    State that the terms of the document attached as Exhibit F to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 119 of the Complaint purporting to summarize and/or quote the same.

120.    State that the terms of the document attached as Exhibit F to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 120 of the Complaint purporting to summarize and/or quote the same.

121.    Admit that the document attached as Exhibit N to the Complaint consists of copies of purported emails dated October 9 and 11, 2018 addressed to legal@ohionational.com, the contents of which speak for themselves.   Therefore, no response is deemed necessary to the allegations contained in Paragraph 121 of the Complaint purporting to summarize the contents of the same.

122.    State that the contents of the e-mails attached as Exhibit N to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 122 of the Complaint purporting to summarize and/or quote the contents of the same.

123.    Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint regarding Plaintiffs' subjective reasons for making certain requests, and therefore, deny the same.  Further answering, deny the remaining allegations contained in paragraph 123 of the Complaint.

124.    Admit that The Ohio National Life Insurance Company received a Demand Letter before it had an opportunity to respond to the emails.  Further answering, deny the remaining allegations contained in Paragraph 124 of the Complaint.

125.    Admit that the document attached as Exhibit O to the Complaint is a copy of a letter dated October 15, 2018, the contents of which speak for themselves.  Therefore, no response is deemed necessary to the allegations contained in Paragraph 125 of the Complaint purporting to summarize and/or construe the contents of Exhibit O.

126.    State that the terms of the document attached as Exhibit O to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 126 of the Complaint purporting to summarize and/or quote the contents of the same.

127.    State that the terms of the document attached as Exhibit O to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 127 of the Complaint purporting to summarize and/or quote the contents of the same.

128.    State that the terms of the document attached as Exhibit O to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 128 of the Complaint purporting to summarize and/or quote the contents of the same.

129.    Admit that the document attached as Exhibit P to the Complaint is a copy of a letter sent by outside counsel for Defendants to Commonwealth, the contents of which speak for themselves.  Therefore, no response is deemed necessary to the allegations contained in Paragraph 129 of the Complaint purporting to quote from Exhibit P.  Further answering, deny the remaining allegations contained in Paragraph 129 of the Complaint.

130.    Deny the allegations contained in Paragraph 130 of the Complaint.

131.    Admit the allegations contained in paragraph 131 of the Complaint in regard to the approximate number of Commonwealth Representatives currently servicing Ohio National contracts that pay trail commissions to Commonwealth.  Further answering, deny any remaining allegations contained in Paragraph 131 of the Complaint.

132.    Deny the allegations contained in paragraph 132 of the Complaint.

133.    Deny the allegations contained in Paragraph 133 of the Complaint.

134.    Deny the allegations contained in Paragraph 134 of the Complaint.

135.    Deny the allegations contained in Paragraph 135 of the Complaint.

136.    Admit the allegations contained in paragraph 136 of the Complaint in regard to the approximate number of Commonwealth Representatives currently servicing Ohio National contracts with GMIB Rider.  Further answering, deny any remaining allegations contained in Paragraph 136 of the Complaint.

137.    Admit that the amount of purchase payments made by Ohio National customers into contracts with GMIB riders were over $32 million.

138.    Admit that the number of Ohio National contracts with GMIB Riders that are currently serviced by Commonwealth is approximately 359.

139.    State that because the allegations contained in Paragraph 139 of the Complaint are unlimited as to time period, they are vague and ambiguous.  Therefore, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 139 of the complaint, and therefore, deny the same

140.    Admit the allegations contained in paragraph 140 of the Complaint.

141.    Admit the allegations contained in paragraph 141 of the Complaint.

142.    Deny the allegations contained in paragraph 142 of the Complaint.

21

143.    Admit that Exhibit Q is a copy of an email dated October 29, 2018.   Further answering, state that the contents of said email speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 143 of the Complaint purporting to quote the same.

144.    Admit that the document attached as Exhibit R to the Complaint is a copy of a sample letter.   Further answering, state that the contents of said sample letter speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 144 purporting to construe and/or quote the same.

145.    State that the contents of Exhibit R to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 145 purporting to construe and/or quote the same.

146.    State that the contents of Exhibit R to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 146 purporting to construe and/or quote the same.

147.    State that the contents of Exhibit R to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 147 purporting to construe and/or quote the same.

148.    State that the contents of Exhibit R to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 148 purporting to construe and/or quote the same.

149.    State that the contents of Exhibit R to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 149 purporting to recite what is included and/or not included as part of the same.

150.    Admit that Exhibit S to the Complaint is a copy of a sample letter.   Further answering, state that the contents of said sample letter speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 150 of the Complaint purporting to summarize and/or quote the same.

151.    Admit that the document attached as Exhibit T to the Complaint is a copy of a "GMIB Buyout Offer Acceptance Form," the contents of which speak for themselves.

152.    State that the contents of Exhibit T to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 152 of the Complaint purporting to quote the same.

153.    State that the contents of Exhibit T to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 153 of the Complaint purporting to quote the same.

154.    State that the contents of Exhibit T to the Complaint speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 154 of the Complaint purporting to summarize, construe, and/or quote the same.

155.    Deny the allegations contained in Paragraph 155 of the Complaint.

156.    Deny the allegations contained in Paragraph 156 of the Complaint.

157.    Admit the allegations contained in paragraph 157 of the Complaint.

158.    Deny the allegations contained in Paragraph 158 of the Complaint.

159.    State that the terms of the proposed servicing agreement speak for themselves, and therefore, no response is deemed necessary to the allegations contained in Paragraph 159 of the Complaint purporting to summarize, construe, and/or characterize the import of the same.

160.    Deny the allegations contained in Paragraph 160 of the Complaint.

Case 1:18-cv-12314-DJC   Document 4   Filed 11/27/18   Page 24 of 30

161.    Deny the allegations contained in Paragraph 161 of the Complaint.

162.    Deny the allegations contained in Paragraph 162 of the Complaint.

163.    Defendants reallege and incorporate all of their prior responses in Paragraphs 1 through 162 of their Answer, as if fully set forth and rewritten herein.

164.    Deny that Plaintiffs are entitled to the declaratory relief requested in Paragraph 164 of the Complaint.

165.    Deny that Plaintiffs are entitled to the declaratory relief sought in Paragraph 165 of the Complaint.

166.    State that the allegations contained in Paragraph 166 of the Complaint assert a legal conclusion to which no response is deemed necessary.  To the extent a response is required, deny the allegations contained in Paragraph 166 of the Complaint.

167.    Defendants reallege and incorporate all of their prior responses in Paragraphs 1 through 166 of their Answer, as if fully set forth and rewritten herein.

168.    State that the allegations asserted in Paragraph 168 assert a legal conclusion to which no response is deemed necessary.  To the extent a response is required, admit that Defendants and Commonwealth are parties to the Selling Agreement, the terms of which speak for themselves.

169.    Deny the allegations contained in Paragraph 169 of the Complaint.

170.    Deny the allegations contained in Paragraph 170 of the Complaint.

171.    Deny the allegations contained in Paragraph 171 of the Complaint.

172.    Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 172 of the Complaint, and therefore, deny the same.

173.    Deny the allegations contained in Paragraph 173 of the Complaint.

24

174.	Deny the allegations contained in Paragraph 174 of the Complaint.

175.	Deny the allegations contained in Paragraph 175 of the Complaint.

176.	Defendants reallege and incorporate all of their prior responses in Paragraphs 1 through 175 of their Answer, as if fully set forth and rewritten herein.

177.	State that the allegations contained in Paragraph 177 assert a legal conclusion to which no response is deemed necessary.  To the extent a response is required, deny that the alleged implied covenant of good faith and fair dealing referenced in Section 177 has any applicability to this case and/or the matters in issue.

178.	Deny the allegations contained in Paragraph 178 of the Complaint.

179.	Deny the allegations contained in Paragraph 179 of the Complaint.

180.	Deny the allegations contained in Paragraph 180 of the Complaint.

181.	Defendants reallege and incorporate all of their prior responses in Paragraphs 1 through 180 of their Answer, as if fully set forth and rewritten herein.

182.	Deny the allegations contained in Paragraph 182 of the Complaint.

183.	Deny the allegations contained in Paragraph 183 of the Complaint.

184.	Deny the allegations contained in Paragraph 184 of the Complaint.

185.	Deny the allegations contained in Paragraph 185 of the Complaint.

186.	Deny the allegations contained in Paragraph 186 of the Complaint.

187.	Deny the allegations contained in Paragraph 187 of the Complaint.

188.	Deny the allegations contained in Paragraph 188 of the Complaint.

189.	Defendants reallege and incorporate all of their prior responses in Paragraphs 1 through 188 of their Answer, as if fully set forth and rewritten herein.

190.    Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 190 of the Complaint, and therefore, deny the same.

191.    Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 191 of the Complaint, and therefore, deny the same.

192.    Lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 192 of the Complaint, and therefore, deny the same.

193.    Deny the allegations contained in Paragraph 193 of the Complaint.

194.    Deny the allegations contained in Paragraph 194 of the Complaint.

195.    Deny the allegations contained in Paragraph 195 of the Complaint.

196.    Defendants reallege and incorporate all of their prior responses in Paragraphs 1 through 195 of their Answer, as if fully set forth and rewritten herein.

197.    State that the allegations contained in Paragraph 197 of the Complaint assert a legal conclusion to which no response is deemed necessary.  To the extent a response is required, state that the language of the statutes cited in Paragraph 197 of the Complaint speak for themselves.

198.    Deny the allegations contained in Paragraph 198 of the Complaint.

199.    Deny the allegations contained in Paragraph 199 of the Complaint.

200.    Deny the allegations contained in Paragraph 200 of the Complaint.

201.    Defendants reallege and incorporate all of their prior responses in Paragraphs 1 through 200 of their Answer, as if fully set forth and rewritten herein.

202.    Deny that any extra-contractual benefit was conferred upon Defendants by Plaintiffs.

203.    Deny the allegations contained in paragraph 203 of the Complaint, to the extent they refer to alleged extra-contractual actions of and/or benefits received by Defendants. Rather,

all pertinent dealings between Commonwealth and Defendants were governed by the pertinent

contracts.

204.    Deny the allegations contained in Paragraph 204 of the Complaint.

205.    Deny the allegations contained in Paragraph 205 of the Complaint.

206.    Deny the allegations contained in Paragraph 206 of the Complaint.

207.    Deny the allegations contained in Paragraph 207 of the Complaint.

208.    Deny the allegations contained in Paragraph 208 of the Complaint.

209.    Defendants reallege and incorporate all of their prior responses in Paragraphs 1

through 208 of their Answer, as if fully set forth and rewritten herein.

210.    Deny the allegations contained in Paragraph 210 of the Complaint.

211.    Deny the allegations contained in Paragraph 211 of the Complaint.

212.    Deny the allegations contained in Paragraph 212 of the Complaint.

213.    Deny the allegations contained in Paragraph 213 of the Complaint.

214.    Deny the allegations contained in Paragraph 214 of the Complaint.

215.    Deny the allegations contained in Paragraph 215 of the Complaint.

216.    Deny the allegations contained in Paragraph 216 of the Complaint.

217.    To the extent not expressly addressed herein, all other allegations contained in the

Complaint are hereby denied.


**Second Defense**

218.    Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can

be granted.

**Third Defense**

219.    Plaintiffs' claims are barred by the terms of the contract(s) at issue.

### Fourth Defense

220.    Plaintiffs' claims are barred by the failure of a condition precedent.

### Fifth Defense

221.    Plaintiffs' claims for equitable relief are barred because they have an adequate remedy at law and/or because they are premised on self-created harm.

### Sixth Defense

222.    Plaintiff Benison's claims are barred because she lacks privity with Defendants.

### Seventh Defense

223.    Plaintiff Benison's claims are barred because she is not a third-party beneficiary of the agreement(s) at issue.

### Eighth Defense

224.    Plaintiff Benison's claims are barred because she lacks standing.

### Ninth Defense

225.    Plaintiffs are not entitled to compel arbitration before FINRA of the claims/issues in dispute.

### Tenth Defense

226.    Plaintiffs have waived any otherwise applicable right to compel arbitration.

### Eleventh Defense

227.    Plaintiffs' claim for "unjust enrichment" is barred by the existence of an express contract covering the subject matter at issue.

### Twelfth Defense

228.     Plaintiffs have failed to plead their fraud claim with the requisite particularity, under Civil Rule 9(b).

## **Thirteenth Defense**

229.     Plaintiffs' claims are barred by the statute of frauds and/or parol evidence rule.

## **Fourteenth Defense**

230.     Defendants reserve the right to assert additional defenses as the case proceeds.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants pray that the Complaint be dismissed, with prejudice, at cost to Plaintiffs; and that Defendants be awarded attorneys' fees, costs, and expenses and/or any other relief the Court deems appropriate.

Respectfully submitted,


/s/ Robert R. Berluti
Robert R. Berluti (BBO #039960
David L. Hansen (BBO #670621)
Michael A. Bednarz (BBO #689047)
BERLUTI MCLAUGHLIN & KUTCHIN LLP
44 School Street, 9th Floor
Boston, Massachusetts 02108
Tel: (617) 557-3030
Fax: (617) 557-2939
rberluti@bmklegal.com
dhansen@bmklegal.com
mbednarz@bmklegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2018, the foregoing document was filed using the

CM/ECF system, which will automatically provide notice to the following attorney(s) of record

by electronic mail:

Steven L. Manchel, Esq.
Michael G. Donovan, Esq.
MANCHEL & BRENNAN, P.C.
100 River Ridge Drive, Suite 308
Norwood, MA 02062
smanchel@manchelbrennan.com
mdonovan@manchelbrennan.com

Attorneys for Plaintiffs
Commonwealth Equity Services, LLC
d/b/a Commonwealth Financial Network,
and Margaret Benison

/s/ Robert R. Berluti